

**ZIMMERMAN ASSOCIATES OF FLORIDA**

BUILDING CODE COMPLIANCE
CONSTRUCTION DEFECTS
PREMISES LIABILITY

George W. Zimmerman
*Architect, Building Inspector*

Christopher Zimmerman
*Building Inspector, Plans Examiner*

## PRELIMINARY REPORT
### Martha Bauer Accident
### 15 December 2014

At the request of Gary Irwin, Esq., Ms. Bauer's representative, I have examined the above noted accident site conditions, concerning the liability of the property owner. The results of my examination of photographs of the accident site, and my preliminary findings with respect to its compliance with applicable Codes and regulations, are found herein. The conditions of the site have also been evaluated with respect to the norms of good architectural, engineering, construction, and maintenance practice. Finally, the liability of the property owner is specifically addressed, as well as their responsibility with respect to the conditions at the site. My evaluation has allowed me to formulate preliminary opinions, stated within a reasonable degree of professional certainty, that the cause of the subject accident was the condition of the accident site, and that the negligence of the property owner was responsible for such condition.

The accident of Martha Bauer occurred within the parking lot, along the foreseeable pedestrian access/egress route serving the First Community Bank of Southwest Florida, located at 1645 Southeast 47th Terrace, Cape Coral, Florida. Exhibit #1, attached hereto, contains photographs of the accident site taken by Ms. Bauer shortly after the accident, that were provided by Mr. Irwin. Exhibit #2, also attached, contains photographs of the accident site that were taken approximately two years after the accident. Exhibit #2,

attached hereto, includes information that was obtained from the Lee County Property Appraiser's Office.

Information related to the accident was obtained during a telephone conversation with Mr. Irwin, and follow-up correspondence. As I understand it, on March 22, 2011, Ms. Bauer was walking towards her parked vehicle, along the foreseeable pedestrian route in the parking lot. She did not perceive the structurally unstable condition of the pavement, which was undermined by the root system of a large tree. A portion of the pavement under her foot collapsed and shifted, causing her to lose her balance, fall, and become seriously injured. The piece of asphalt that broke away under Ms. Bauer's foot is depicted in Exhibit #1.

In order to determine the Code compliance of the accident site, I reviewed the property record, and the various Codes and regulations that have jurisdiction over it. Accordingly, a copy of Cape Coral Ordinance 28-09, and excerpts from the International Property Maintenance Code are attached as Exhibit #4, pertaining to the required maintenance of the parking lot. Excerpts from the Standard Building Code are included as Exhibit #5, regarding the construction and maintenance of the premises. Exhibit #6, attached hereto, contains excerpts from the Florida Building Code and the NFPA 101, Life Safety Code, pertaining to the construction and maintenance of egress routes. Exhibit #7, included herewith, contains excerpts from the ASTM, F1637-10, Standard Practice for Safe Walking Surfaces, pertaining to the construction and maintenance of safe pedestrian walking surfaces, including those that serve parking lots.

**Discussion**

In this instance, the deteriorated, structurally unstable pavement made its use by pedestrians dangerous. The area in question was along the foreseeable path of travel between the building and the parking spaces, and the public right-of-way sidewalk. The property owner reportedly had an agreement with Ms. Bauer's employer to allow the use of a number of parking spaces within their parking lot. It was foreseeable that pedestrians would walk on the side of the driving aisle, adjacent to the curbed landscape island. The property owner knew, or should have known, that pedestrian

use of the pavement in the area of the accident was necessary for travel to and from the parking spaces, but they failed to maintain the walking surface in a safe condition.

The pavement along the foreseeable pedestrian path was cracked and broken. Ms. Bauer avoided the cracks, but could not perceive the unstable condition of the pavement near the cracks. The cause of the broken and undermined pavement was the root system of the large tree that was located in the adjacent landscape island. The tree roots had damaged other areas of pavement. The extent of the damage along the pavement surrounding the landscape island is indicative of an extended lack of proper maintenance. It appeared that the tree root system had grown uncontrolled for an extended amount of time, and was allowed to manipulate and undermine the pavement, resulting in a broken and unstable walking surface.

Ordinance 28-09 of the City of Cape Coral, in Section 12.4, requires compliance with the International Property Maintenance Code. Exhibit #3, attached hereto, contains a copy of Ordinance 28-09, and pertinent excerpts from the International Property Maintenance Code, that were violated. Section 101.2 of the Code requires that all existing structures and premises be subject to the Code. Section 302.3 requires that all walkways and parking lots be maintained in a proper state of repair, and free from dangerous conditions. Sections 102.2 and 301.2 require that the owner be responsible for the required maintenance of the premises.

Exhibit #4, included herewith, contains excerpts from the Standard Building Code, that were violated. Section A101.3.4 requires that all buildings and structures, and all parts thereof, be maintained in a safe condition, and that all devices and safeguards be maintained in good working order, by the owner. Section 1201.1 requires that all structures be of sufficient strength to support the loads encountered, without exceeding the allowable material stresses. Table 1203.1 requires that driveways be capable of safely supporting 200 pounds per square foot, and Section 1203.3 requires that walking surfaces be capable of safely supporting the concentrated loads that can be expected. The pavement along the walking surface was not safe for pedestrian use at the time of the accident, due to the unstable condition of the pavement. The fact that the pavement broke and shifted when Ms. Bauer stepped on it is indicative of the structurally deficient condition of the walking surface.

The Florida Building Code, in Section 1001.3, requires that the means of egress be maintained in accordance with the Florida Fire Prevention Code, which incorporates the NFPA 101, Life Safety Code. Exhibit #5, attached hereto, contains excerpts from the Life Safety Code. Section 1.3.1 gives the Code jurisdiction. Section 3.3.151 defines the accident location as a component of the exit discharge, and Section 7.7.4 requires that it comply with the means of egress criteria. Sections 4.5.3.2, 4.5.7, and 7.1.10.1 require the continuous maintenance of an unobstructed, impediment-free means of egress. The structurally unstable condition of the walking surface impeded the safe use of the pedestrian route, but the danger was not readily apparent.

In response to numerous accidents that occur on designated walkways, ASTM International has established a Standard Practice for Safe Walking Surfaces, F1637-10. Exhibit #6, attached hereto, includes a copy of that Standard. Under Section 1.1, the Standard is applicable to both new and existing structures. Section 5.1.1 requires that walking surfaces be stable, flush, and even. Section 5.7.1 requires that exterior walkways be maintained to provide safe walking conditions, and Sections 5.7.1.2 and 5.7.2 require that uneven walking surfaces, or pavements that are cracked and broken, be repaired or replaced. The construction in place at the time of the accident did not comply with the noted provisions.

**Conclusions**

1) Martha Bauer was appropriately using the foreseeable pedestrian path at the time of her accident.

2) The property owner negligently violated the maintenance provisions of the International Property Maintenance Code, the Standard Building Code, the Florida Building Code, the NFPA 101, Life Safety Code, and the ASTM Standard, by failing to maintain the walking surface in a safe condition.

3) The property owner negligently violated the provisions of the Standard Building Code, and the ASTM Standard, by failing to ensure that the pavement along

the walking surface was structurally stable, and capable of supporting the minimum required loads without failure.

4) The property owner failed to provide warning to Ms. Bauer, of the dangerous conditions that existed along the walking surface.

5) The noncompliant, undermined and deteriorated walking surface of the foreseeable pedestrian route, that broke and shifted when Ms. Bauer stepped on it, was the cause of her accidental loss of balance, fall, and serious injury.

This report together with its exhibits is preliminary. Further deposition information and discovery, yet to be obtained, will surely expand inquiry and may lead to additional specific conclusions or amplification of those presented herein.

Respectfully submitted by:
Zimmerman Associates of Florida

*[signature]*

George W. Zimmerman, Architect
State Licensed Building Inspector